IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RAY SNOW AND TAMMY BERGLAN, )
Individually, and as parents and next friend of )
T.S., a minor, )
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　　　　　)
vs. ) Case No. CIV-09-530-D
　　　　　　　　　　　　　　　　　　　　　　)
NORMAN PUBLIC SCHOOLS, )
NORMAN PUBLIC SCHOOLS POLICE DEPT., )
BILL CHANEY, an individual, and )
KEN STUTZRIEM, an individual, )
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　Defendants. )

**O R D E R**

Before the Court is Defendants Bill Chaney and Ken Stutzriem's Motion to Dismiss Tort Claims [Doc. No. 7], filed pursuant to Fed. R. Civ. P. 12(b)(6).[1]  The individual defendants seek a dismissal of Plaintiffs' state law tort claims against them as barred by Oklahoma's Governmental Tort Claims Act, Okla. Stat. tit. 51, §§ 151-172.  Plaintiffs have timely responded in opposition to the Motion, and Defendants Chaney and Stutzriem have replied.  Thus, the Motion is at issue.

**Standard of Decision**

Dismissal for failure to state a claim is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)); *accord Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1236 (10th Cir. 2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

---

[1] *The Motion also cites Rule 12(b)(1), but the supporting brief contains no jurisdictional arguments.  Therefore, the Court disregards this reference.*

need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S. Ct. at 1964-65 (citations omitted). The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

## Plaintiffs' Claims

Plaintiffs are parents of T.S., a minor, who allegedly was a victim of assault, battery, and false arrest by Defendants Chaney and Stutzriem, who were police officers for Norman Public Schools. *See* Petition [Doc. No. 1-2], at 3, ¶ 2; at 4, ¶ 1.[2] Defendants Chaney and Stutzriem allegedly "pushed [T.S.] up against the wall and pushed him down on the floor, handcuffed him using excessive force and drug him down the hallway causing injury." *Id*. at 2, ¶ 1.[3] These actions allegedly were "without cause" and unreasonable. *Id*. at 2, ¶ 2. The Petition contains alternative allegations to support personal liability of Defendants Chaney and Stutzriem, as well as *respondeat superior* liability of their employer:

> Defendants Chaney and Stutzriem were acting within the scope of their employment and as such the Defendants, Norman Public Schools and the Norman Public School Police Department, are liable for the actions of Defendants Chaney and Stutzriem. In the alternative, the actions of Defendants Chaney and Stutzriem were willful, wanton, and their actions were outside the scope of their employment and Defendants Chaney and Stutzriem should be held liable individually and their actions were willful to such an extent that they should be held liable for punitive damages.

---

[2] *Because this case originated in state court, Plaintiffs denominated their pleading in accordance with state procedural rules, and for clarity, the Court will utilize the same terminology.*

[3] *Similar allegations are restated more colorfully in another part of the Petition, where the incident of excessive force is described as "choking [T.S.], slamming him up against the wall, pushing him down on the floor and dragging him by his feet." See id. at 3, ¶ 2. There, Plaintiffs characterize this conduct as "malicious physical abuse." Id.*

*See* Petition [Doc. 1-2], at 2, ¶ 3. In addition to the intentional torts asserted in Count I, Plaintiffs seek to hold Defendants Norman Public Schools and Norman Public Schools Police Department liable for negligence in Counts II and III, and to hold all defendants liable for alleged violations of T.S.'s constitutional rights under 42 U.S.C. § 1983 in Counts IV and V.

## Defendants' Motion

Although the Motion seeks a dismissal of all tort claims, Defendants Chaney and Stutzriem argue in support of the Motion only that any tort claim asserted against them for acts *within the scope of their employment* is prohibited by the Governmental Tort Claims Act. They rely on statutes providing immunity from tort liability for government employees acting within the scope of employment, *see* Okla. Stat. tit. 51, § 152.1(A), and barring lawsuits against public employees acting within the scope of their employment. *See id.* § 163(C). They request a ruling "that the only tort claims that may be asserted against Defendants Chaney and Stutzriem are for torts committed while acting outside of the scope of employment" and the entry of "an Order dismissing Plaintiffs' state tort claims for alleged acts occurring within the scope of employment." *See* Motion [Doc. 7] at 3-4 (emphasis omitted).

Plaintiffs oppose the Motion but appear to agree with the requested ruling. Plaintiffs note they have pled claims alternatively, as permitted by Fed. R. Civ. P. 8(d)(2), and Defendants Chaney and Stutzriem enjoy immunity from liability only if their conduct is found to be within the scope of their employment. However, Plaintiffs urge the Court not to dismiss the tort claims asserted against Defendants Chaney and Stutzriem "for all acts occurring within the scope of their employment at this time." *See* Pls.' Resp. [Doc. 8] at 2.

## Discussion

Upon examination of the Petition, the Court finds that Plaintiffs assert claims against Defendants Chaney and Stutzriem for alleged intentional torts – assault, battery, and false arrest –

3

that may proceed based on factual allegations of conduct egregious enough to fall outside the scope of their duties as police officers for Norman Public Schools.  An individual government employee is shielded from personal liability for tortious conduct while acting within the "scope of employment," which "means performance by an employee acting *in good faith* within the duties of the employee's office or employment . . . ."  Okla. Stat. tit. 51, § 152(11) (emphasis added).  The question presented by a Rule 12(b)(6) motion is simply the sufficiency of Plaintiffs' pleading, that is, whether it alleges facts that support an entitlement to relief under the proposed legal theory.  *See Lane*, 495 F.3d at 1186.  Here, the Court concludes that the Petition contains sufficient allegations to support a finding that Defendants Chaney and Stutzriem were not acting in good faith in their conduct regarding T.S.  *See*, *e.g.*, *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991) (upon a finding that police officers acted willfully, wantonly and in reckless disregard of a plaintiff's constitutional rights, they forfeited their immunity from liability under the Oklahoma Governmental Tort Claims Act), *cited with approval*, *Parker v. City of Midwest City*, 850 P.2d 1065, 1067-68 (Okla. 1993); *see also Nail v. City of Henryetta*, 911 P.2d 914, 918 (Okla. 1996) (police officer who was acting within the scope of employment in arresting suspect may have exceeded the scope of employment in injuring suspect).  Therefore, the Court finds that the intentional torts alleged in Count I against Defendants Chaney and Stutzriem individually should not be dismissed.

However, certain allegations of the Petition, and argument in Plaintiffs' opposition to the Motion, suggest that Plaintiffs also assert tort claims against Defendants Chaney and Stutzriem as employees of Norman Public Schools for acts within the scope of their employment.  Such claims are not available under Oklahoma law.  By statute, a governmental entity "assumes liability for loss resulting from the torts of its employees acting within the scope of their employment and such liability is exclusive and in place of all other liability of an employee at common law or otherwise."

*Shephard v. CompSource Oklahoma*, No. 104865, 2009 WL 1139245, *4 (Okla. April 28, 2009) (to be published).  Any tort claim asserted against Defendants Chaney and Stutzriem based on conduct within the scope of their employment must be dismissed.

## Conclusion

The Petition states tort claims against Defendants Chaney and Stutzriem for which personal liability may be imposed for alleged conduct outside the scope of their employment.  However, the Petition fails to state a claim against Defendants Chaney and Stutzriem that is cognizable under Oklahoma law to the extent Plaintiffs allege tortious conduct by these defendants within the scope of their public employment.  Defendants Chaney and Stutzriem are entitled to the dismissal of any such tort claim.

IT IS THEREFORE ORDERED that Defendants Chaney and Stutzriem's Motion to Dismiss Tort Claims [Doc. No. 7] is GRANTED in part and DENIED in part.  Plaintiffs may proceed on the intentional tort claims asserted in Count I of the Petition against Defendants Chaney and Stutzriem based on alleged conduct outside the scope of their employment.  Any common law tort claims asserted against Defendants Chaney and Stutzriem for acts within the scope of their employment are dismissed for failure to state a claim upon which relief can be granted.

IT SO ORDERED this 19th day of June, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE